Michael McCormick, Appellant, v. Charles Winters.

**Damages:** SURFACE WATER. When the only damage from the discharge of surface water is that of an increased fall on the lower land nothing but nominal damages are recoverable.

**Statute of Limitations.** An action for damages caused by placing tile so as to send an increased flow of water on lower land, bars in five years from the time such tile was permanently laid, where whatever increased flow there was resulted at once. *Drake v. Railway*, 63 Iowa, 302, *distinguished.*

*Appeal from Henry District Court.*—Hon. H. C. Traverse, Judge.

Wednesday, April 3, 1895.

Action at law to recover damages for diverting the natural flow of water from the land of the defendant on the land of the plaintiff, and for entering on plaintiff's land and maliciously destroying his trees, and removing earth from the land of the plaintiff to the land of the defendant. The defendant answered by pleading the statute of limitations and a counterclaim for damages to his crops by plaintiff's stock and for damages caused by the plaintiff by stopping up

drains on plaintiff's land, and thereby causing water to flow back on the defendant's land. There was a trial by jury, which resulted in a verdict for defendant. From a judgment on the verdict the plaintiff appeals.— *Affirmed.*

Leech & O'Hare for appellant.

Palmer & McCoid for appellee.

Rothrock, J.—I. The parties are the owners of adjoining farms. The defendant's land slopes toward the plaintiff's farm. There is a slough, which crosses the line from the defendant's land to that of the plaintiff. This slough runs diagonally through the plaintiff's land, and cuts off a small corner of it. In the year 1884 the defendant laid a tile drain on his land down to his line, with the intention that the water from the tile should cross over the line, and pass off down an old open ditch which had been dug on plaintiff's land some twenty years ago. It was the construction of this tile drain which appears to have been the cause of this suit. There is no evidence in the case which would authorize a jury to find that plaintiff was damaged by any act of the defendant other than the increase of the flow of water on the plaintiff's land by reason of the tile drain. The damage claimed for the destruction of trees and removing earth on plaintiff's land was based upon nothing but pulling up two or three little willow slips, which had not taken root, and removing some sod, which plaintiff had put into the open ditch on his land. The court very properly instructed the jury that the plaintiff was entitled to no more than nominal damages for these acts. The jury returned a general verdict, after considering the demands of each party, and it cannot

be determined from anything in this record whether the plaintiff was allowed nominal damages for this technical trespass.

II. There is but one question in the case which demands the consideration of this court, and that is the right of the plaintiff to recover damages for the increased flow of water on plaintiff's land by reason of the construction of the tile drain by the defendant. The court instructed the jury on that question as follows: "(4) If the tiling on defendant's land, now complained of by plaintiff, were put in in the year 1884, or more than five years before this action was begun, and if you find that said tiling, when put in, were intended to be, and in fact were permanent structures, such as would, if not changed by the hand of man, continue and operate as drains indefinitely, and without known limit in the future, then, and in that event, plaintiff's cause of action for tiling and drainage made by defendant on the latter's land is barred by the statute of limitations, and in that case plaintiff cannot recover for any damage caused thereby. But if said drains, caused by said tiling, were not, in their nature, permanent drains, but that said tiling would naturally, at some time, by the action of running water, and by infiltration, become clogged with dirt or rubbish, and would become practically useless, unless said tiling, or some of it, was taken out and cleaned, then, and in that event, plaintiff's damage, if any, resulting from said drainage, that has occurred within five years prior to the commencement of this action, would not be barred by the statute of limitations, and in such case plaintiff may recover

for such in this action, if otherwise entitled to recover therefor." This instruction directed the jury to, 2 determine under the evidence whether the drain was a permanent structure, and such as would continue indefinitely, unless changed by the hand of man; and that, if it was that kind of a drain, the action was barred by the statute of limitations; but that if it was not such a permanent ditch or drain, then the action was not barred by the statute. There was evidence introduced which fully authorized a finding either way as to the permanency of the tile drain. The action was commenced in the year 1892, some eight years after the tile drain was laid. But it is claimed by appellant that no damage was done to his land by the increased flow of water until within five years before the commencement of the action. There was no evidence to sustain this claim. Whatever increase there was in the flow of water occurred at once, and continued whenever there was any water in the slough. The fact is that the evidence shows without any appreciable conflict that the damage of which the plaintiff complains was for the greater part caused by his own acts in filling up and obstructing the old ditch on his own land. This fact is so apparent that the court, in the instruction above set out, did not insert therein the qualification that the plaintiff could recover if there was no damage from the alleged increase of the flow of water until within five years of the commencement of the suit. There was no evidence in the case which demanded any such qualification. Considering the evidence, the rule announced by the court is in harmony with the case of *Powers v. City of Council Bluffs*, 45 Iowa, 652, and other cases decided by this court, and is not inconsistent with *Drake v. Railway Co.*, 63 Iowa, 302, and other cases which hold that the

statute of limitations does not commence to run till damages are sustained.

III.   It is claimed that the verdict of the jury was not supported by the evidence. We think that, considering the whole evidence, the jury were fully warranted in the conclusion they reached.   Indeed, we may properly say that the jury were authorized to find that there was an agreement between the parties, founded upon a sufficient consideration, by which the defendant had the right to maintain the tile drain. We need not set out this evidence.

IV.   This disposition of the case renders it unnecessary to determine the motions submitted by appellee.   The judgment of the district court is *affirmed*.